IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERANCE A. TRACY,

            Petitioner,

v.

KAKIA HAKIM, *et al.*,

            Respondents.

Civil Action No. DLB-24-1506

(Habeas Corpus § 2254)

---

**LIMITED ANSWER TO PETITION FOR A WRIT
OF HABEAS CORPUS**

ANTHONY G. BROWN
Attorney General of Maryland

ANDREW J. DIMICELI
Assistant Attorney General
Bar No. 20640

Office of the Attorney General
Criminal Appeals Division
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-6422
adimiceli@oag.state.md.us

*Counsel for Respondents*

August 12, 2024

TABLE OF CONTENTS

STATEMENT OF THE CASE ........................................................ 1

STATEMENT OF THE RECORD................................................... 2

FACTUAL AND PROCEDURAL HISTORY.................................. 3

    A.    The January 27, 2023 incident at the Calvert County Health Department ........................................ 3

    B.    Proceedings in the District Court of Maryland.......... 5

    C.    Tracy's De Novo Trial in the Circuit Court for Calvert County............................................................ 6

    D.    Tracy's Coram Nobis Petition / Motion for a New Trial ............................................................................ 7

    E.    Tracy's December 12, 2023 "Notice of Appeal"........... 8

    F.    Tracy's Direct Appeal from his Judgment of Conviction................................................................. 10

    G.    Tracy's Motion to Correct an Illegal Sentence ......... 12

SUMMARY OF CLAIMS FOR HABEAS CORPUS RELIEF ..... 13

REASONS FOR DISMISSING THE PETITION......................... 15

I.    TRACY'S SECOND, THIRD, AND FOURTH FEDERAL HABEAS CLAIMS ARE NOT COGNIZABLE AND MUST BE REJECTED OUT OF HAND. .................................................................................. 15

II.    TRACY'S REMAINING CLAIMS ARE UNEXHAUSTED, AND SO THE PETITION MUST BE DISMISSED. ................................................................. 18

CONCLUSION.......................................................................... 22

i

## STATEMENT OF THE CASE

Petitioner Terance A. Tracy[1] brings this pro se habeas corpus action pursuant to 28 U.S.C. § 2254, collaterally attacking his 2023 judgment of conviction in the Circuit Court for Calvert County, Maryland, in *State of Maryland v. Terance Albert Tracy*, Case No. C-04-CR-23-000050. In that case, Tracy was convicted of trespassing in a public building in violation of Section 6-409(b) of the Criminal Law Article of the Maryland Code. For that offense, he received a fine, a partially suspended sentence, and supervised probation for a period of five years. Tracy served the unsuspended portion of his sentence and is currently on probation.

As ordered by this Court (ECF 6), Respondents, by counsel, hereby respond to Tracy's petition as supplemented (ECF 1, 4). For the reasons that follow, the Court should dismiss the petition

---

[1]     Petitioner initially was charged in the District Court of Maryland under the name "Terance Albert Falter" (SR 11), and he was occasionally referred to as "Falter" in various state-court records. (SR 16, 18, 20, 77, 80-81, 88, 109). Respondents will refer to the petitioner as "Tracy."

because three of Tracy's claims are noncognizable and the rest are unexhausted.[2]

## STATEMENT OF THE RECORD

In accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Respondents have filed with this answer an exhibit, titled "State Record," which contains the trial-court docket entries and select court filings, paginated as a single volume. The abbreviation "SR" used in this answer refers to this exhibit.

Respondents have not filed any transcripts with this answer. Per Habeas Rule 5(c), Respondents advise that the state circuit court held various pretrial, trial, sentencing, and post-trial proceedings, but Respondents do not believe that transcripts of any of those proceedings currently exist.

---

[2]    Because it is Respondents' position that Tracy's claims are unreviewable because they are either noncognizable or unexhausted, Respondents do not address in this limited answer the merits of Tracy's claims or any other potential impediments to relief. If the Court does not dismiss the petition for the reasons asserted herein, Respondents respectfully request leave to address in a further answer the merits of the petition and any other impediments to relief.

Respondents believe that the records submitted are all that are necessary to substantiate this limited answer but will endeavor to procure and submit any other document or transcript upon request of the Court.

## FACTUAL AND PROCEDURAL HISTORY

**A.     The January 27, 2023 incident at the Calvert County Health Department**

On January 27, 2023, an officer of the Calvert County Sheriff's Office filed a statement of probable cause, alleging the following:

> On Friday, January 27, 2023[,] at 1506 hours, I [Deputy Aley] responded to Calvert County Health Department located at 975 N Solomons Island Road, Calvert County, Prince Frederick, Maryland 20678, for the report of a disorderly male.
>
> Upon arriving on scene, I noticed on the front door window, a sign that stated, "This Facility is a HIPAA-Covered Entity, As Required by Federal Law, to Ensure Patient Privacy: No Video or Audio Recordings or Photographs Are Allowed." I walked inside with Cpl. Mitchell[,] and I noticed a white male with a GoPro and cell phone recording inside the business. DFC. Bradley, DFC. Lewis, and Captain Canning were inside with the male. The male refused to identify himself to the police units on scene. Dr. Laurence Polsky (the Health Officer at the Health Department), advised the male he can stay in the

3

building if he stops recording. The male never stopped recording and refused to leave the premises.

. . . Captain Canning and Cpl. Mitchell made the male aware he was not allowed to record within the facility. The male wanted to continue to argue with Captain Canning and Cpl. Mitchell advising he had the right to record within the facility. The male was advising he would leave once he could turn in his document to the desk. The male also stated he was assaulted by one of the employees. He advised the employee "grabbed" his camera from him. . . . Captain Canning and Cpl. Mitchell advised the male multiple times to stop recording within the facility. The male eventually turned in his paperwork and exited the building.

The male came back into the business and was still recording. The male was requesting the name of the employee who assaulted him. He was told the individual was Dr. Polsky and to use the business address. The male was requesting more information on the individual. The male was advised to leave the building because he had all of the information that he needed to prefer [sic] charges and he had no lawful business being there and recording. The male refused to leave, therefore he was placed under arrest for trespassing and fail[ure] to obey a lawful order. . . . While on scene, I was able to identify the male. The male was identified as Terance Albert Falter [sic] (12/08/1991).

Falter's [sic] filming within the Health Department was causing a disturbance and was disruptive to the clientele. He prevented the Health Department from protecting the HIPPA [sic] rights for the clients in the building by continuing to film and by not leaving the premises after not having any lawful business to pursue.

4

> While we were on scene with Falter [sic], multiple viewers of his livestream were calling into the Sheriff's Office inquiring about our dealings with Falter [sic] as they were occurring. This is indicative that Falter [sic] was recording within the Health Department, live. I could also observe Falter [sic] talking into his phone answering comments/questions his viewers were posting.
>
> * * *
>
> . . . Falter's [sic] two GoPros and his iPhone were placed into property as evidence.

(SR 13-15).


## B.    Proceedings in the District Court of Maryland

On January 27, 2023, Tracy was charged in the District Court of Maryland with trespassing in a public building during regular business hours in violation of Section 6-409(b) of the Criminal Law Article of the Maryland Code. (SR 11-12). Specifically, it was alleged that Tracy "did refuse/fail to leave [the] Calvert County Health Department, a property of the Calvert County Government, a public agency, during regular business hours upon being requested to do so by an authorized employee and when the defendant had no apparent lawful business to pursue" and/or he "was acting in a manner disruptive of and

disturbing to the conduct of normal business." (SR 11-12). He also was charged with failing to obey a reasonable and lawful order of a law enforcement officer—*i.e.*, an order from Deputy Aley "made to prevent a disturbance to the public peace"—in violation of Section 10-201(c)(3) of the Criminal Law Article of the Maryland Code. (SR 11-12).

Tracy's trial in the District Court was held on March 16, 2023. (SR 19). On that date, the State entered a nolle prosequi as to the failure-to-obey charge. (SR 20). The court found Tracy guilty of trespassing and sentenced him to 90 days in jail, all but 20 days suspended, and a period of 3 years' unsupervised probation. (SR 19).

### C.   Tracy's De Novo Trial in the Circuit Court for Calvert County

On March 20, 2023, Tracy filed a notice of appeal, invoking his right to a trial de novo in the Circuit Court for Calvert County. (SR 22). Tracy's two-day jury trial began on November 14, 2023. (SR 45). On November 15, 2023, the jury found Tracy guilty of trespassing. (SR 48).

### D.  Tracy's Coram Nobis Petition / Motion for a New Trial

On November 27, 2023—after the circuit court trial but before he was sentenced—Tracy filed a petition captioned: "Petition for Writ of Error Coram Nobis and Special Hearing." (SR 50-59). In the introductory paragraph, he wrote: "Pursuant to Md Rules of Special Procedure 15-1201-1202 [sic] and Md Criminal Causes 4-331 [sic], Defendant in the above captioned case proceeding Pro Se prays [that] the Court [hold] a Special Hearing to resolve errors and for other such relief stated below." (SR 50). He argued that he received ineffective assistance of counsel on various grounds. (SR 51-56). In paragraph five, the "Relief" section of his petition, he wrote, among other things: "Defendant prays the Court to also regard this Petition as a request to set aside the jury verdict for a new trial under Md [Rule] 4-331(a) and for the Court to allow and schedule a new trial at any time during consideration of this Petition." (SR 58).

On December 4, 2023, the State filed a response, arguing that Tracy's petition should be "denied as deficient under Maryland Rule 15-1202" because Tracy did not adequately plead

"significant collateral consequences" or the unavailability of other remedies. (SR 60-62) (capitalization and emphasis omitted). The State also argued that Tracy's motion for a new trial should be denied because he "failed to include grounds upon which a new trial should be granted," and "[i]t would be contrary to the interest of justice to order a new trial." (SR 61).

On December 5, 2023, the court entered an order, stating: "Defendant's Petition for Writ of Error Coram Nobis and Special Hearing BE and IS hereby DENIED." (SR 63).

### E.   Tracy's December 12, 2023 "Notice of Appeal"

On December 12, 2023—still prior to his sentencing—Tracy filed in the state circuit court a pro se "Notice of Appeal." (SR 64). In that notice, he simply wrote: "Terance A. Tracy (Defendant) notes an Appeal to The Maryland Court of Special Appeals in the above captioned case." (SR 64).

On December 12, 2023, the State filed a response, asking the state circuit court to "deny" Tracy's notice of appeal. (SR 65-66). It argued that Tracy's sentencing was scheduled for December 15, 2023, and "since a final judgement ha[d] not yet been entered,"

Tracy had "no right to appeal at [that] time." (SR 65). It also argued that because Tracy initially had appealed from the District Court of Maryland to the Circuit Court for Calvert County, he had "no right to appeal to the Appellate Court of Maryland" under Maryland law (SR 65) (citing Md. Code Ann., Cts. & Jud. Proc. § 12-305). Tracy did not reply. (SR 5).

The state circuit court apparently construed Tracy's pro se notice as an attempt to appeal his criminal conviction (and not the denial of his coram nobis petition) because on December 13, 2023, the state circuit court entered an order, stating: "Defendant's Notice of Appeal BE and IS hereby DENIED[,] as the matter is not ripe for an appeal." (SR 67). Tracy did not ask the court to reconsider its ruling, nor did he note an appeal from that ruling. (SR 2-3).

On December 15, 2023, the court sentenced Tracy to six months in jail, all but ninety days suspended; supervised probation for a period of five years, to begin upon his release; and a fine of $750. (SR 68, 79). The court also imposed court costs of $165. (SR 68). The court also issued a probation order that, among other

things, directed Tracy to pay a "[s]upervision fee" of $50 per month. (SR 70-71).[3]

### F.    Tracy's Direct Appeal from his Judgment of Conviction

On December 17, 2023, Tracy, through counsel, filed a "Notice of Appeal" in the state circuit court, stating that Tracy was noting an appeal "to the Appellate Court of Maryland." (SR 76). On December 20, 2023, the Appellate Court of Maryland issued an order, indicating that Tracy improperly appealed to that court, and it transferred his notice of appeal to the Supreme Court of Maryland. (SR 77).

The Supreme Court of Maryland docketed the "Notice of Appeal" as a "non-compliant petition for a writ of certiorari" and granted Tracy additional time (until January 8, 2024) to

---

[3]    On December 17, 2023, filed a motion for reconsideration / modification of sentence pursuant to Maryland Rule 4-345(e). (SR 74-75). He asked that the court hold his motion in abeyance until he requested a hearing. (SR 74). On December 20, 2023, the court entered an order, granting his request to hold the motion in abeyance. (SR 78).

supplement his petition. (SR 81). On April 1, 2024, Tracy filed a pro se supplemental petition. (SR 89-108).[4] He raised ten claims:

1.    Did the Circuit Court Judge err in denying the Petition for Writ of Error Coram Nobis?

2.    Did the Circuit Court Judge err in denying Petitioner's request for a new trial under Md. [Rule] 4-331 as contained in the Error Coram Nobis petition?

3.    Was the Petitioner denied due process where the Circuit Court Judge failed to enter a statement on the record regarding the Writ of Error Coram Nobis pursuant to Md. [Rule] 15-1207(a)?

4.    Did the Circuit Court Judge err by denying Petitioner's Notice of Appeal?

5.    Did the Circuit Court Judge act outside of his Statutory Jurisdiction by denying Petitioner's Notice of Appeal?

6.    Did the Judge err in his sentencing of the Petitioner?

7.    Did the actions and omissions of the Public Defender prejudice the Petitioner's jury trial?

---

[4]    Tracy did not file his supplement within the time afforded by the Supreme Court, and so on March 26, 2024, the Supreme Court issued an order, denying his initial, non-compliant petition. (SR 88). Nevertheless, Tracy shortly thereafter filed his supplement, and the Supreme Court issued another order, indicating that it had considered his supplement and that it was denied "as there ha[d] been no showing that review by certiorari [was] desirable and in the public interest." (SR 109).

11

8.    Did the Circuit Court Judge violate Petitioner's 1st Amendment Right to Free Speech by compelling his speech in exchange for modified terms of Probation?

9.    Should the Petitioner's sentence to 5 years of Supervised Probation be modified or disposed?

10.   Should the Petitioner's sentence be overturned and expunged from the record in the interest of Justice?

(SR 97-98). On April 19, 2024, the court denied the petition as supplemented. (SR 109).

## G.    Tracy's Motion to Correct an Illegal Sentence

In the meantime, on January 8, 2024, Tracy filed, through counsel, a motion to correct an illegal sentence. (SR 82). He alleged that "on the day of the bench trial for the District Court matter, [the prosecutor] reduced the maximum penalty for this matter to ninety (90) days pursuant to Judicial Proceedings Section 4-302(2)(ii) [sic]," but the sentence imposed by the state circuit court was six months, all but ninety days suspended. (SR 82). On January 10, 2024, the court denied the motion without elaboration. (SR 85). Tracy did not appeal the decision. (SR 2).

SUMMARY OF CLAIMS FOR HABEAS CORPUS RELIEF

Tracy alleges in his federal habeas petition seven claims. First, he alleges that trial counsel rendered ineffective assistance on several grounds.

Second, Tracy alleges that the state circuit court violated Maryland Rule 15-1207 in denying his petition for a writ of error coram nobis without issuing a statement of reasons for its decision. (ECF 1 at 11).

Third, Tracy alleges that the state circuit court erroneously denied his motion for a new trial, which supposedly was "contained in the header and prayer for relief within" his coram nobis petition. (ECF 1 at 12).

Fourth, Tracy alleges that the state circuit court erroneously "denied" his December 12, 2023 notice of appeal. (ECF 1 at 12-13). He asserts that he filed the notice with the intent to appeal the denial of his coram nobis petition / motion for a new trial (ECF 1 at 12-13), but the state circuit court apparently construed it as a premature attempt to appeal his criminal conviction (his sentence had not yet been imposed) and "denied" it as such.

Fifth, Tracy alleges that the fines, fees, and costs that the state court ordered him to pay violate the Eighth Amendment (and state law). (ECF 1 at 13-14).

Sixth, Tracy alleges that the state circuit court violated his rights under the First and Fifth Amendments by allegedly stating at sentencing that if Tracy "produced and published" to his YouTube channel "a 10 minute video apologizing . . . to The Calvert County Health Department 'for his actions there,'" the court "would consider converting his remaining 5 year Supervised Probation term into an Unsupervised Probation term." (ECF 1 at 15). Tracy states that, "to date," he has declined to "produce[] such apology video which he believes to be an infringement of his 1st and 5th Amendment protections via the 14th Amendment . . . to not be compelled in his speech nor self incrimination as he maintains his innocence of the charges brought by The State." (ECF 1 at 15).

Finally, Tracy alleges that his sentence was imposed in violation of the Eighth Amendment because it is disproportionate in comparison to sentences imposed by courts in other trespass cases. (ECF 1 at 17-18).

14

REASONS FOR DISMISSING THE PETITION

I.

TRACY'S SECOND, THIRD, AND FOURTH FEDERAL HABEAS CLAIMS ARE NOT COGNIZABLE AND MUST BE REJECTED OUT OF HAND.

It is well established that federal courts are not empowered to grant habeas relief to a state prisoner except "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States" *See* 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Jones v. Hendrix*, 599 U.S. 465, 490 (2023) (citation and quotation marks omitted)); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (indicating that federal habeas courts may not "reexamine state-court determinations on state-law questions"); *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999) ("[W]hen a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review."). "AEDPA permits relief only when a state court acts contrary to or unreasonably applies . . . preexisting and clearly established rules" as determined by the Supreme Court of the United States. *Brown v. Davenport*, 596 U.S.

15

118, 144 (2022). Therefore, "the petitioner must identify the Supreme Court [holding] that 'clearly established' the principle" that he is relying upon to establish state-court error. *Stewart v. Winn*, 967 F.3d 534, 537 (6th Cir. 2020); *see also Henry v. Horn*, 218 F. Supp. 2d 671, 695 (E.D. Pa. 2002) ("For petitioner to make out a colorable federal habeas claim, he must identify the relevant 'clearly established Federal law' upon which his claim depends . . . . [This means that the] petitioner must identify the Supreme Court precedent that provides the foundation for his claim.").

Here, Tracy's second, third, and fourth claims must be dismissed as noncognizable because each one fails to allege a violation of federal law as determined by the Supreme Court. Tracy's claim that the state circuit court violated Maryland Rule 15-1207 in denying his petition for a writ of error coram nobis without issuing a statement of reasons for its decision (habeas claim two) alleges a violation of a state procedural rule, not federal law. Tracy's claim that the state circuit court erroneously denied his motion for a new trial (habeas claim three) is noncognizable because alleged procedural errors committed by the state circuit court in denying a motion for a new trial are not violations of

clearly established federal law. Finally, Tracy's claim that the state circuit court erroneously "denied" his December 12, 2023 notice of appeal (habeas claim four) is likewise noncognizable because the alleged procedural error in rejecting his notice of appeal is not a violation of clearly established federal law.

Because these claims are not cognizable federal habeas claims, they should be dismissed out of hand.[5]

---

[5]  Respondents note that each of these claims are also unexhausted, but a claim's exhaustion status is inconsequential when it is noncognizable. A noncognizable claim must be dismissed regardless of exhaustion. *See Engle v. Isaac*, 456 U.S. 107, 121 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts."); *Tillett v. Freeman*, 868 F.2d 106, 108 (3d Cir. 1989) ("Since [an unexhausted claim arising under state law] is not even cognizable in a habeas corpus petition . . . , none of the purposes attributed to the *Rose v. Lundy*[, , 455 U.S. 509 (1982),] opinion as support for its exhaustion rule have any application."); *Nelson v. Solem*, 714 F.2d 57, 60 n.2 (8th Cir. 1983) ("If Nelson's claim could be construed only as a state law claim, then failure to exhaust this claim would not prevent the district court from considering the remaining exhausted federal claim"); *Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986) ("Failure to exhaust the first claim, however, did not deprive the district court of the right to consider the exhausted . . . claim because the unexhausted claim did not state a federal constitutional claim cognizable in federal habeas corpus proceedings."); *see also* Brian R. Means, *Federal Habeas Manual* § 9C:55 (June 2024 update) ("Where a petitioner fails to allege a deprivation of a federal right, it is unnecessary to

II.

TRACY'S    REMAINING    CLAIMS    ARE
UNEXHAUSTED, AND SO THE PETITION MUST
BE DISMISSED.

A state prisoner seeking federal habeas relief must, absent
a valid excuse, present each of his habeas claims first to the state
courts having jurisdiction to consider them, including the state's
highest court. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27,
29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The
petitioner bears the burden of showing that both the operative
facts and the controlling legal principles were fairly presented to
all appropriate state courts. *Jones v. Sussex I State Prison*, 591
F.3d 707, 713 (4th Cir. 2010).

"In habeas, state-court remedies are described as having
been 'exhausted' when they are no longer available, regardless of
the reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81,
92-93 (2006) (citation omitted). That is, a federal habeas petitioner

---

determine whether he has satisfied the exhaustion requirement.
The claim is simply dismissed as not cognizable."); *Id.* § 9C:56
("Where a petitioner fails to allege a cognizable federal claim, it is
unnecessary to determine whether he has satisfied the exhaustion
requirement as to that claim.").

"shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Meadows v. Legursky*, 904 F.2d 903, 909-10 (4th Cir. 1990) (en banc), *superseded on other grounds by Trest v. Cain*, 522 U.S. 87 (1997). But where "a state court would dismiss [a petitioner's] claims for their procedural failures, such claims are technically exhausted because, in the habeas context, state-court remedies are 'exhausted' when they are no longer available[.]" *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022) (cleaned up).

Here, Tracy's remaining claims (*i.e.*, those that allege a deprivation of a federal right) are unexhausted but not procedurally defaulted, as Tracy still has procedural vehicles available to him to exhaust the claims in the state courts. Specifically, his first federal habeas claim—alleging ineffective assistance of trial counsel on various grounds—is unexhausted because he has not presented it to all available state courts. In particular, he has not yet filed a state postconviction petition under Maryland's Uniform Postconviction Procedure Act

("UPPA"),[6] which is the preferred forum for reviewing ineffective assistance of counsel claims, *Bailey v. State*, 464 Md. 685, 704 (2019).[7]

Tracy's fifth and seventh claims—alleging Eighth Amendment violations—are unexhausted because he has not alleged those claims in all available state courts, and he still has a state judicial remedy available. Notably, a motion to correct an illegal sentence may be filed "at any time," Md. Rule 4-345(a), and a valid illegal-sentence claim may be reviewed in a Rule 4-345(a) proceeding even if no objection was raised at sentencing and the sentence was not challenged on direct appeal. *Carlini v. State*, 215 Md. App. 415, 423-26 (2013). The Supreme Court of Maryland has indicated that an allegation that a sentence imposed "constitutes cruel and unusual punishment prohibited by the Eighth Amendment" or that a fine imposed is "excessive" in violation of

---

[6]     Md. Code Ann., Crim. Proc. § 7-101 *et seq.*; Md. Rule 4-401 *et seq.*

[7]     Although Tracy did raise ineffective-assistance claims in his coram nobis petition, he did not successfully appeal the denial of his petition, and so those ineffective-assistance claims are neither "finally litigated" nor waived under the UPPA statute. Md. Code Ann., Crim. Proc. § 7-106.

the Eighth Amendment are cognizable claims that may be raised in a Maryland Rule 4-345(a) motion to correct an illegal sentence. *Jedlicka v. State*, 481 Md. 178, 194 (2022); *Malvo v. State*, 481 Md. 72, 95 (2022); *Harris v. State*, 479 Md. 84, 113 (2022); *Randall Book Corp. v. State*, 316 Md. 315, 322, 329-32 (1989).

Finally, Tracy's "compelled speech" claim (habeas claim six)—alleging that the sentencing court offered to modify Tracy's probation to unsupervised if he produces an apology video and publishes it to YouTube—is unexhausted because even though he raised the issue on direct appeal in his supplemental certiorari petition, the Maryland Supreme Court denied the petition and did not address the claim on the merits, and so it is not "finally litigated" under the UPPA statute. Md. Code Ann., Crim. Proc. § 7-106(a). That is, Tracy may still be able to raise the claim in an UPPA petition.

In sum, because the only cognizable federal claims that Tracy presents are unexhausted, his petition must be dismissed.

CONCLUSION

Respondents respectfully suggest that a hearing is unnecessary and ask the Court to dismiss Tracy's petition without prejudice to refiling.

Dated: August 12, 2024          Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

*/s/ Andrew J. DiMiceli*
ANDREW J. DIMICELI
Assistant Attorney General
Bar No. 20640

*Counsel for Respondents*

22

CERTIFICATE OF SERVICE

I certify that on this day, August 12, 2024, I electronically filed the foregoing "Limited Answer to Petition for a Writ of Habeas Corpus" through CM/ECF, and a copy of the foregoing (with all attachments) was mailed by first-class U.S. Postal Service, postage prepaid, to: Terance A. Tracy, 180 Woods Drive, Annapolis, MD 21403.

I further certify that, because the number of pages including attachments totals 15 pages or more, I have caused a courtesy paper copy of this filing to be submitted to the Clerk (to the attention of the Staff Attorneys' Office) within 48 hours after the electronic filing, excluding weekends, legal holidays, and days the Court is closed.

*/s/ Andrew J. DiMiceli*
ANDREW J. DIMICELI
Assistant Attorney General
Bar No. 20640

*Counsel for Respondents*