# In the United States District Court for Maryland

| | |
|---|---|
| Terance A Tracy (Pro Se) | * |
| Petitioner | * |
| | * |
| v | *   Civil Action Number DLB-24-2506 |
| | * |
| Kakia Hakim, Probation Agent for State | *   **2254 Habeas Corpus** |
| of Maryland for Anne Arundel County | * |
| Respondent | * |
| & Attorney General for Maryland | * |

## Petitioner's Response to Respondent's Limited Answer to Habeas Corpus Petition

### I. Respondents Version of The Record

1. Petitioner would point out to The Court that some corrections should be made to interpretations of the Record proffered in Respondents Limited Answer[ECF 8]. None of which are relative to Petitioner's response here. However, Petitioner would ask the Court for leave to correct the record espoused by the State, should the Habeas Petition be advanced to the Merits of the Petition. Or, in the alternative amend Petitioner's Habeas Petition to address the State's version of the State Record.

2. Furthermore, Respondent notes in their response that "Respondents advise that the state circuit court held various pretrial, trial, sentencing, and post-trial proceedings, but Respondents do not believe that transcripts of any of those proceedings currently exist". Petitioner agrees that neither transcripts nor audio records of any of the in persona proceedings exist. Petitioner did attempt to acquire transcripts prior to writing his Maryland Supreme Court Brief and the State Clerk was unable to produce them.

### II. Respondent's Reasons for Dismissing Petitioner's 2nd, 3rd and 4th Habeas Petition Claims

1/7

1. Respondent's proffer that Habeas relief is unavailable to Petitioner because his 2nd, 3rd and 4th claims are "not cognizable federal habeas claims, reasoning that this court cannot consider claims Two, Three and Four because each one fails to allege a violation of Federal law as determined by the Supreme Court".

2. Respondent advances both Supreme Court and 4th Circuit Court of Appeals case law as controlling however, none of those apply to this case in light of Petitioner's Federal Constitutional Claims indicated in each of the 2nd, 3rd and 4th Claims. Article VI of The Constitution of The United States holds The Constitution as "the supreme *law* of the land". The Constitutional claims made by the Petitioner should be treated, as such, Federal Laws.

3. In Petitioner's 2nd Claim for Habeas relief, it's not possible within the Petitioner's claim for relief for the Petitioner to indicate whether a Federal or State law issue is at question because the basis of the Claim is that the Circuit Court Judge did not indicate, pursuant to the Maryland Statute, whether his ruling was based on any State or Federal considerations. The nature of the claim being, issues about the Petitioner's appointed Counsel was brought to the State by and through the Error Coram Nobis Petition on both State law *and* Federal Constitutional claims. The procedural defect of the State Court not entering a ruling pursuant to the State Statute requiring the entry on the record verbally or via an Order or Opinion didn't happen[ECF 1 Pg 11 VI. Para 2]. This claim is brought on "both" State Statute *and* 14th Amendment Grounds.

   Finally, Respondent profers that State relief is still available through Maryland's AEDPA. Petitioner asserts that an Error Coram Nobis is not appealable through the AEDPA. The Maryland Court of Special Appeals states, "From an early date, this Court has held that an appeal under the general appeals statutes would lie from a final trial court judgment in a coram nobis proceeding. *Hawkins v. Bowie*, 9 G. J. 428, 438 (1838) (a final judgment "in this proceeding in error *coram nobis*" was such "as to fall within that class of judicial acts from which an appeal will lie to this Court"). *See also Emersonian Apartments v. Taylor*, 132 Md. 209, 214-215, 103 A. 423, 424-425 (1918) (in *Hawkins v. Bowie, supra*, the coram nobis "case was finally and definitely settled against the plaintiff by the actions of the lower Court, and, of course, that could be reviewed").... "the Post Conviction Procedure Act precludes appeals in coram nobis cases brought by an incarcerated person "challenging the validity of incarceration under sentence of . . . imprisonment,"" *Skok v. State*, 361 Md. 52, 66 (Md. 2000) *(Skok v. State*, 361 Md. 52, 65-66 (Md. 2000)). The State Circuit Court supra, effectively standing as an Intermediate Court of Appeals from a District Court Judgment, means that an appeal from a Final Judgment there is appealable only to The Maryland Supreme Court. This was done by the Petitioner.

4. Petitioner's 3rd claim originates as well in the State Error Coram Nobis Petition and on similar grounds, a 14th Amendment Claim. A denial of a Error Corum Nobis Petition is a "Final Ruling" Pursuant to Md Rule 15-1207(d), "The order constitutes a final judgment when entered by the clerk." *Rule 15-1207 - Statement and Order of Court*, Md. R. Spec. Proc. 15-1207". Again, the State Court made no entry on any State Statute or Federal Grounds to discern a basis for appeal, further prejudicing the Petitioner. This left the Petitioner with no basis to articulate by Motion, Appeal, or argument in the State Circuit Court on the record any appeal. Other then the plain prejudice to the Petitioner, a Constitutional Due Process claim is most relevant until further discovery or a hearing or Order in the Federal Court is set or made.

5. Petitioner's 4th Claim "Notice of Appeal" should be carefully considered by this Court as the State's answer conflates 2 Notices of Appeal filed at different times. Petitioner filed his own timely *Pro Se* Notice of Appeal which was entered on the State Record on 12/12/23. Petitioner's appointed Counsel, erroneously in the wrong Court, filed her own Notice of Appeal, which was entered on the State Record on 12/17/23[1]. Petitioner had a statutory right to file his Pro Se Notice of Appeal and this right was unlawfully denied, a clear Constitutional violation. Furthermore, The Maryland Supreme Court has held that, "A circuit court is not permitted "to preclude review of its own decision by striking an appeal because it believes . . . that the appellant is not entitled to take the appeal, or for any other reason . . . other than the four articulated in Rule 8-203[.]" County Comm'rs of Carroll County v. Carroll Craft Retail, Inc., 384 Md. 23, 42 (2005). In all other cases, "it is the appellate court that must order the dismissal." via; RESPER v. SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES -Petition No. 293 September Term, 2023. The State Judge's denial of the notice of appeal is a clear violation of "Right of Due Process" conferred to The States by the 14th Amendment. Lastly, at the Motion hearing to remove the public defender of 02/05/24, Petitioner attempted to make record of the Error Coram Nobis' Notice of Appeal in order to make the State Judge aware of his error denying the Notice of Appeal. Petitioner only read a few sentences when the State Judge cut him off and made him sit down. The record was disallowed to be entered by the State Judge.{See Attachment "A"}

6. Petitioner had no Procedural Default(s), Any default is owed to the State Court Judge. Therefore, Petitioner should not be held to account for the State's procedural

---

[1] Appointed Counsel's Notice of Appeal was never discussed with the Petitioner prior to filing as he was incarcerated only 2 days prior and Appointed Counsel never met nor spoke with the Petitioner until weeks after it's filing.

defaults(s) by a denial of his Habeas Petition. The Supreme Court in Caldwell v Mississippi 472 U.S. 330 (1985) held that; "The mere existence of a basis for a state procedural bar does not deprive this Court of jurisdiction; the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case. *See Ulster County Court v. Allen,* 442 U. S. 140, 442 U. S. 152-154 (1979). Moreover, we will not assume that a state court decision rests on adequate and independent state grounds when the "state court decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Michigan v. Long,* 463 U. S. 1032, 463 U. S. 1040-1041 (1983). In the case supra, the State court, in any Proceeding, Ruling, Judgment or Order never espoused any grounds for any Motion or Petition to the State Court on the record. The State Court, acting as an Intermediate Appeals Court, as the case originated in the District Court, should make a record of any ruling or order as an intermediate court of appeals and never did so.

## III. Respondent's Reasons for Dismissing Petitioner's 1st, 5th and 6th Habeas Petition Claims as "Unexhausted"

1. Petitioner's 1st Habeas Claim of ineffective assistance of counsel, a 6th Amendment Claim, is exhausted. Maryland's Post Conviction Procedures Act disallows Petitioner to use this proceeding for post-conviction relief, stating; "(b) A person may begin a proceeding under this title if:(1) the person seeks to set aside or correct the judgment or sentence; and(2) the alleged error has not been previously and finally litigated or waived in the proceeding resulting in the conviction or in any other proceeding that the person has taken to secure relief from the person's conviction. Md. Code, Crim. Proc. § 7-102. Petitioner's relief for his ineffective assistance of counsel requires either a new trial or outright dismissal of the State Action, considering the level of prejudice received in the State Trial and the fact that he has already served a substantial punishment. Setting aside or correcting judgment or sentence is not proper relief. And, the alleged error would likely be found as "previously and finally litigated in the proceeding resulting in conviction" via the State Court's denial of his Error Coram Nobis Petition, the Md Rule 4-331 request for new trial contained in the Error Coram Nobis Petition, denial of his Notice of Appeal and finally denial of Certiorori by the Maryland Supreme court.

2. Petitioner's 6th Habeas Claim for Relief, "Government Compelled Speech" is barred for relief in a further State Court proceeding for relief due to the prior restraint the State Court Judge already imposed, on the record. Those conditions imposed are the basis for Petitioners 6th Habeas Claim as asserted in the Habeas Petition. Petitioner has not

"produced and published a 10 minute video apologizing......to The Calvert County Health Department "for his actions there", so that the State Court Judge would consider converting his remaining 5 year Supervised Probation term into an Unsupervised Probation term[ECF 1 Pg 15 para 1]. Believing this restraint by the State Judge to be in violation of Petitioner's 1st and 5th Amendment rights, the Petitioner has not produced and published the 10 minute video required for relief in the State Court and will not do so until the Federal Court approves the State Court Judge's restraint for relief as Constitutional.

3. Petitioner's 7th Claim for Habeas relief was considered by the State Court as stated in Petitioner's Habeas Corpus Petition, "Petitioner Motioned the Circuit Court to Correct his sentence on 01/08/2024, The State responded against the Motion on 01/09/2024 and The Circuit Court Judge DENIED the Motion on 01/10/2024". Although requested, no hearing was scheduled so that the Petitioner, Pro Se by that time, could make arguments as to the legality of his Sentence(which was a much harsher judgment from his Sate District Court Trial) or to demonstrate to the State Court the comparison of his sentencing against "the normal" sentencing similarly situated defendants receives as demonstrated in his Federal Habeas Petition[ECF 1 Attachment "A"], as "Cruel and Unusual".

4. A defendant should not be penalized for exercising a right to appeal. Thus, it is a denial of due process for a judge to sentence a convicted defendant on retrial to a longer or harsher sentence than he received after the first trial if the object of the sentence is to punish the defendant for having successfully appealed his first conviction or to discourage similar appeals by others. If the judge does impose a longer sentence the second time, he must justify it on the record by showing, for example, the existence of new information meriting a longer sentence. In the State Criminal proceeding the Circuit Court implemented just such a sentencing scheme. The District Court's "punishment" was 90 days incarceration with all but 20 days suspended and 3 years of unsupervised probation. The State Circuit Court imposed a 180 day incarceration with all but 90 days suspended and 5 years of costly supervised probation without, again, entering any reasoning for the increased incarceration and probationary time on the record.

5. Consequently, the Supreme Court has stated numerous times that the absence of some form of corrective process when the convicted defendant alleges a federal constitutional violation contravenes the Fourteenth Amendment, and the Court has held that to burden this process, such as by limiting the right to petition for *habeas corpus*, is to deny the convicted defendant his constitutional rights.

## IV. The Federal Court's Standard of Habeas Review

1. This Court's binding standards of review for a Federal §2254 Habeas were clearly established by The United States Supreme Court in Brown v Davenport 596 US (2022). There the Supreme Court said that "A federal court deciding whether to grant habeas relief must apply both the test the Supreme Court outlined in *Brecht v. Abrahamson*, 507 U.S. 619, and the one Congress prescribed in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA)". Petitioner's Habeas Petition satisfies those standards facially and the Federal Court should deny Respondent's relief of dismissal and grant a hearing so the Petitioner can further develop his petition or, in the alternative, move forward with an Opinion on the merits of the petition or any other such relief the Court determines in the interest of justice. The totality of State Court errors, omissions of record and excessive punishments begs this Court's attention.

**Respectfully** submitted by Petitioner Terance A Tracy, I hereby swear and affirm that all information contained herein is true and fair to the best of my knowledge under penalty of perjury.

_____          9/9/24
Terance A. Tracy                          Date

## Certificate of Service

Petitioner, Terance A Tracy Certifies that a copy of this Response to Respondent's Limited Answer to Habeas Corpus Petition was filed manually to The Office of State's Attorney by way of Hallway Drop Box.

_____   9/9/24
Terance A. Tracy                  Date